UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELICIA GIARDINA** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 13-6760** |
| **CORNERSTONE CHEMICAL COMPANY** | **SECTION: "G"(2)** |

## ORDER

Before the Court is Defendant Cornerstone Chemical Company's ("Cornerstone") unopposed Motion for Summary Judgment,[1] which was filed on January 6, 2015 and set for submission on January 21, 2015. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Plaintiff Felicia Giardina ("Giardina") has filed no opposition at this time, and therefore the motion is deemed to be unopposed. District courts may grant unopposed motions for summary judgment provided that the court finds the motion to have merit.[2]

Giardina filed the Complaint in this matter on December 20, 2013, wherein she alleges sexual discrimination, harassment, and retaliation arising out of her employment with, and termination from, Cornerstone.[3] In the pending motion, which was filed on January 6, 2015, Cornerstone contends that summary judgment is appropriate because Giardina cannot establish a

---

[1] Rec. Doc. 17.

[2] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[3] Rec. Doc. 1.

prima facie case of discrimination,[4] demonstrate the she was subject to sexual harassment,[5] or establish retaliation in violation of Title VII.[6] Additionally, Cornerstone avers that it has a legitimate, non-discriminatory reason for Giardina's discharge: she violated serious safety policies on multiple occasions.[7]

Specifically, Cornerstone submits that Giardina improperly left the worksite early, without notifying a supervisor, on several occasions;[8] that she was involved in an avoidable safety incident that was the result of Giardina's failure to follow established safety procedures;[9] that she engaged in "on-going bickering" with a coworker and attended a Mutual Respect Seminar as a result;[10] that Cornerstone received a complaint from a third party vendor alleging that he was "verbally assaulted" by Giardina;[11] that Giardina made an improper shift change and left rail cars unattended while they were being loaded with a hazardous chemical on multiple occasions;[12] and that she failed to report for a mandatory safety training class.[13] Additionally, Cornerstone states that from January 2011 to July 31, 2012, there were five loadings that were questionable regarding whether the load

---

[4] Rec. Doc. 17-2 at p. 12.

[5] *Id.* at pp. 14–15.

[6] *Id.* at pp. 18–20.

[7] *Id.* at p. 13.

[8] *Id.* at ¶ 8.

[9] *Id.* at ¶¶ 9–10.

[10] *Id.* at ¶ 12–16.

[11] *Id.* at ¶ 18.

[12] *Id.* at ¶ 21; ¶¶ 28–29.

[13] *Id.* at ¶ 24.

was left without an operator to monitor the process, and all five were by Giardina.[14] Cornerstone issued Giardina a written warning concerning mutual respect on June 26, 2012, suspended her multiple times for safety violations.[15] She was terminated on July 9, 2012.[16]

Giardina filed an EEOC charge on November 9, 2012 alleging sexual discrimination, harassment and retaliation. The EEOC issued a "no cause" right to sue letter on September 20, 2013, wherein it stated that its investigation failed to disclose any evidence that a male employee with a performance and conduct record similar to Giardina's was treated differently than her.[17] She filed the Complaint in this matter on December 20, 2013,[18] and Cornerstone filed an Answer on April 14, 2014.[19] On July 23, 2014, Cornerstone filed a Status Report, wherein it stated that it attempted but was unable to contact Giardina prior to filing the report.[20] On July 28, 2014, the Court ordered that Giardina must be responsive to communications from opposing counsel.[21] On August 12, 2014, Cornerstone notified Giardina that her deposition would take place on August 26, 2014, or a date more convenient for her; Giardina did not respond or object, but rather failed to appear for her deposition.[22]

---

[14] *Id.* at ¶ 31.

[15] *Id.* at ¶¶ 32–33.

[16] *Id.* at ¶ 34.

[17] *Id.* at ¶¶ 36–37.

[18] Rec. Doc. 1.

[19] Rec. Doc. 7.

[20] Rec. Doc. 14 at p. 1.

[21] Rec. Doc. 15.

[22] Rec. Doc. 17-3 at ¶¶ 43–45.

Giardina has filed no opposition to the pending motion, and so there are no material facts at issue here. Therefore, the Court finds Cornerstone's motion to have merit.

**IT IS HEREBY ORDERED** that Cornerstone's Motion for Summary Judgment[23] is **GRANTED.**

New Orleans, Louisiana, this  21st   day of January, 2015.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **UNITED STATES DISTRICT JUDGE**

---

[23] Rec. Doc. 17.